[No. 15864.   Department Two.   June 4, 1920.]

BIG FOUR LAND COMPANY, *Appellant*, v.

MIKE DARACUNAS *et al.*,

*Respondents.*[1]

FRAUDS, STATUTE OF (20, 35)—BROKER'S COMMISSION—DESCRIPTION OF LANDS—SUFFICIENCY. A contract for a broker's commission on a sale of "40 acres at Forest," is not sufficiently certain under the statute requiring the same to be in writing, and the contract was not completed so as to take the same out of the operation of the statute where it was cancelled and the property sold for a less price.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered February 25, 1920, upon sustaining a demurrer to the complaint, dismissing an action on contract. Affirmed.

*W. W. Langhorne,* for appellant.

*O. J. Albers,* for respondents.

MOUNT, J.—This appeal is from an order of the court below sustaining a demurrer to the plaintiff's complaint and dismissing the action on the refusal of the plaintiff to plead further. The action was brought to recover a broker's commission, under a written contract of employment entered into between the parties as follows:

"Big Four Land Co.

"In consideration of one dollar and valuable services by you performed, I hereby vest in you the exclusive authority to buy or sell for the term of 90 days from the date hereof and thereafter till the expiration of 10 days written notice of withdrawal of the property hereinafter described, to wit: 40 acres at Forest located in......for the sum of $6,000, as follows..... Cash; balance.........

[1]Reported in 190 Pac. 229.

"I agree that in case a sale is made through you or your influence during the term of this contract or three months thereafter, to allow you a commission of 5 per cent on the selling price, and to convey or cause the same to be conveyed by a good and sufficient deed to the person or persons designated by you, and to furnish a complete abstract of title to said property certified to date by a competent abstracter, and to pay all taxes due on said property up to date of sale.

"Dated at Chehalis, Wash., this 26th day of July, 1919.                    Mike Daracunas, Owner."

Then followed a description of certain personal property to be included in the sale.

The complaint alleged that the plaintiff found a purchaser; that thereafter the defendant cancelled the contract, but within the time limited in the contract, defendant sold the property for $5,400; that plaintiff demanded its commission, amounting to $270.

It is apparent from a reading of the contract that the description therein contained of the property to be sold, "40 acres at Forest," is not sufficient to take the contract out of the statute of frauds. This court has held in a number of cases where the description was more definite than the one here, that such description was insufficient. See *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858. The appellant apparently concedes that the contract in this case is insufficient, but argues that here was a completed contract, and for that reason the appellant is entitled to the commission. He bases this contention upon what was said in the case of *Henneberg v. Cook,* 103 Wash. 685, 175 Pac. 313. In that case a recovery was permitted, but that was a case where the property had been sold and a part of the commissions paid and a promise of payment of the balance. In that case we distinguished our previous cases, and said:

8—111 WASH.

"The rule established in the *Rogers* and *Nance* cases, *supra*, should not be extended to cases where the services of a broker have been completed, all the parties to the sale contract have fully performed, a written promise to pay the broker for his service has been signed by the party to be charged, and there existed no necessity for specific performance to complete the sale."

If, in this case, the complaint had alleged that the respondent, after the sale, had paid a part of the commission and had agreed to pay the balance, then that case would control. But there is no such allegation in the complaint and the fact is, as shown by the complaint, that the contract here sued upon was not completed. The land was sold at a less price than named in the contract, and the appellants are now seeking to recover upon a contract for commissions which, under our many decisions, is insufficient under the statute of frauds.

The judgment appealed from is therefore affirmed.

HOLCOMB, C. J., FULLERTON, BRIDGES, and TOLMAN, JJ., concur.