[No. 18970. Department One. March 13, 1925.]

A. A. EVANS et al., Respondents, v. ADA MARRENGER, Appellant.[1]

FRAUDS, STATUTE OF (20)—BROKERS—CONTRACT FOR COMMISSIONS—SALE OF PERSONAL PROPERTY—TRADE FOR LAND. The acceptance of real property in part payment of the purchase price of hotel furniture and equipment does not bring an oral contract to pay a broker's commission on the sale of the personal property within Rem. Comp. Stat., § 5825, requiring an agreement employing an agent to sell or purchase real estate to be evidenced by a writing.

Appeal from a judgment of the superior court for King county, Ralston, J., entered April 19, 1924, upon findings in favor of the plaintiffs, in an action on contract tried to the court. Affirmed.

Leopold M. Stern and Clarence L. Gere, for appellant.

Nelson R. Anderson, for respondents.

PARKER, J.—The plaintiffs, as copartners, seek recovery of commission alleged to have been earned by them by the procuring for the defendant, Mrs. Marrenger, of a purchaser of the furniture and equipment of a hotel in Seattle belonging to her. A trial upon the merits in the superior court for King county, sitting without a jury, resulted in findings and judgment awarding to the plaintiffs recovery, from which the defendant has appealed to this court.

The controlling facts, as viewed by the trial court, may be summarized as follows: The plaintiffs, at the times in question, were copartners engaged in finding purchasers and effecting sales of property for others on commission. About the first of July, 1923, the defendant listed for sale with the plaintiffs the furniture

[1]Reported in 233 Pac. 924.

and equipment of her hotel. It was then understood between them that she desired to receive $2,000 or more in cash and would take other property for the balance of the purchase price, should the purchaser desire to so pay the purchase price upon terms acceptable to her. The defendant then valued her hotel furniture and equipment at $8,000. It was agreed that, upon the consummation of a sale resulting from the efforts of the plaintiffs she was to pay them as compensation therefor five per cent on the cash portion of the purchase price and two and one-half per cent on the value of any property which she might take in exchange as part of the purchase price.

The plaintiffs, through one of their salesmen, found one Bertelsen of Tacoma as a prospective purchaser. Bertelsen was shown the hotel property by the plaintiffs' salesman, the defendant being present at the time. Bertelsen thereupon expressed an inclination to make the purchase as soon as he could dispose of certain rooming house property he owned in Tacoma from which he expected to obtain funds, and would then probably make an offer of cash and Tacoma real property which might be acceptable to the defendant. Thereafter the defendant urged the plaintiffs' salesman to continue his efforts to induce Bertelsen to purchase her hotel furniture and equipment. This the plaintiffs' salesman continued to do, and to that end visited Bertelsen in Tacoma.

Thereafter, early in August, Bertelsen, having sold his rooming house property in Tacoma, came to Seattle with a view of further negotiating for the purchase of the defendant's hotel furniture and equipment. Upon arrival at Seattle he went to the plaintiffs' office, and the salesman who had shown him the property being temporarily out, without waiting to see him, went to the defendant and entered upon negotiations looking

to the purchase of her hotel furniture and equipment directly with her. On about August 10th a sale was finally consummated between them by which Bertelsen received her hotel furniture and equipment, paying her $3,000 in cash and conveying to her certain real property in Tacoma as full consideration for the purchase. The property so conveyed by Bertelsen to the defendant was of the market value of at least $3,000. Soon thereafter this action was commenced by the plaintiffs, seeking recovery of their commission upon the sale made by the defendant of her hotel furniture and equipment to Bertelsen. The trial court awarded the plaintiffs recovery computed at five per cent on the $3,000 cash portion of the consideration and two and one-half per cent on $3,000 as the market value of the Tacoma property conveyed by Bertelsen as the balance of the consideration. This is the disposition of the case from which the defendant has appealed.

It is somewhat strenuously contended in behalf of the defendant that the evidence does not support the findings and judgment of the trial court, either upon the question of the creation of the agency or the question of the plaintiffs or their salesman being the procuring cause of the sale of her hotel furniture and equipment to Bertelsen. These contentions present only questions of fact which the trial court was called upon to determine upon conflicting testimony. A careful reading of the evidence fully convinces us that we would not be at all warranted in holding that it preponderates against the trial court's findings and conclusions.

It is further contended in behalf of defendant that the plaintiffs should, in any event, be denied recovery upon the theory that the commission contract was void as being in violation of § 5825, Rem. Comp. Stat. [P. C. § 7745], requiring "an agreement authorizing or

employing an agent or broker to sell or purchase real estate for compensation or a commission'' to be evidenced in writing. The argument seems to be that, because the agency agreement contemplated that the defendant would be willing to take part of the consideration for the sale of her hotel furniture and equipment in property, and did finally take part of such consideration in real property, therefore no recovery can be had on the commission contract because it was not evidenced in writing.

It seems to us that this commission contract was not one for the purchase of real property, but was only one for the sale of personal property. The contemplated possible acceptance of part of the consideration for such sale being real property, we think, does not make it other than a commission agreement for the sale of personal property. It is plain that the defendant had no particular desire to acquire any other property, real or personal, in the deal, but merely contemplated the taking of such property as part of the consideration for the sale of her hotel furniture and equipment with a view of thereby holding out some extra inducement to a prospective purchaser thereof. Our decision in *Merritt v. American Catering Co.*, 71 Wash. 425, 128 Pac. 1074, holds to this view of the law under facts similar to those here involved. Some other claims of error are made in behalf of the defendant, but they seem to us so clearly without merit as not to call for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.