[No. 20324.  Department One.  March 16, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT A. WILLIAMS, *Appellant*.[1]

[1] CRIMINAL LAW (325, 347)—MISCONDUCT OF JURORS—NEW TRIAL. The misconduct of four jurors in playing cards while the jury was supposed to be deliberating on the verdict is not such error as inheres in the verdict and does not warrant a new trial.

[2] HOMICIDE (77)— EVIDENCE (99)— SELF-SERVING DECLARATIONS — PREMEDITATION—SUFFICIENCY. Where there was abundant other evidence of premeditation, it can not be claimed that a finding of premeditation was unwarranted from the fact that the state relied upon admissions and confessions which showed no premeditation, as the state was not bound by the self-serving declarations in the confessions offered.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered February 3, 1926, upon a trial and conviction of murder. Affirmed.

*E. D. Germain* and *E. H. Kohlhase*, for appellant.

*Hite Imus* and *Roswell J. Quinn*, for respondent.

FRENCH, J.—The defendant was charged by information with the crime of murder in the first degree, and was tried and found guilty about the middle of January, 1926.

[1]Reported in 253 Pac. 1074.

Appellant has assigned as errors, first, misconduct on the part of the jury; and second, that it affirmatively appears that the element of premeditation was lacking.

[1] The misconduct of the jury complained of consisted in four of the jurors playing cards during the time the jury were presumably deliberating on their verdict. This, of course, was reprehensible on their part, but the question to be considered by this court is, does this conduct constitute such error as that it will inhere in the verdict?

"Verdicts are rendered upon the evidence received in open court, and the true test would be whether the misconduct complained of fell within, or pertained to, the legitimate issues of the case, so that the verdict might have been influenced by it." *State v. Lorenzy,* 59 Wash. 308, 109 Pac. 1064.

Measured by this rule, the misconduct complained of would not warrant the court in granting a new trial.

[2] The second question raised by counsel is the lack of premeditation. The state introduced the testimony of a deputy sheriff and other peace officers in which certain purported admissions and confessions made by the defendant were related. In each of these admissions and confessions, the defendant claimed that he had not intended to kill, but had intended only to scare or frightened the deceased. Other testimony, including the testimony of an eye witness, tended to prove conclusively premeditation and the utmost deliberation on the part of the defendant. The state, when introducing purported confessions, is not bound by the self-serving declarations therein contained, but vouches only for the fact that the admission or confession was actually made.

An examination of the record in this case shows that there was abundant evidence to justify the ver-

dict. No complaint is made on the admission or rejection of evidence, or on the instructions given. The defendant had a fair trial, and the judgment is affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.