[No. 20536.  Department Two.  June 13, 1927.]

J. L. FARLEY, *Appellant,* v. S. S. FAIR *et al., Respondents.*[1]

[1] FRAUDS, STATUTE OF (20)—BROKER'S COMMISSIONS—CONTRACTS—DESCRIPTION OF PROPERTY.  A broker's contract for employment must be complete and unambiguous in itself, and cannot be upheld by resorting to another contract, made three years previously, to which no reference was made.

[2] SAME (20).  A broker's authority to sell property described as the "Hotel Centralia of this city . . . located on Main street" or located on "a full half block 140 x 140 ft. surrounded by three streets and an alley" is void for want of a sufficient description of the property, under the statute requiring contracts employing a broker to be in writing.

[3] SAME (20)—CONTRACTS (39)—BROKERS EMPLOYMENT—LEGALITY—WHAT LAW GOVERNS.  The statute of frauds requiring a contract employing a broker to sell real estate to be in writing, declares a public policy of this state, and applies to a contract entered into and performed in another state by a broker living in such state.

Appeal from a judgment of the superior court for King county, Beals, J., entered December 24, 1926, upon findings in favor of the defendants, in an action on contract, tried to the court.  Affirmed.

*Tucker, Hyland & Elvidge,* and *S. H. Steele,* for appellant.

*Roberts & Skeel* and *Elwood Hutcheson,* for respondents.

[1]Reported in 256 Pac. 1031.

TOLMAN, J.—Appellant by this action seeks to recover a commission or fee for services as an agent or broker in procuring a purchaser for real estate situated in this state. The trial court denied any recovery, and this appeal followed.

The written contract of employment upon which appellant bases his right of recovery is dated April 25, 1925, and reads:

"Portland, Oregon, April 25th, 1925.
"Mr. J. L. Farley,
  724 Board of Trade Bldg.,
  Portland, Oregon. (Telephone Broadway 1206.)
"Dear Sir:—
"You are hereby authorized to assist me in finding a sale or satisfactory exchange for my hotel property, situated in Centralia, Washington, and known as the Centralia Hotel.

"In the event that you succeed in finding me such a buyer or an exchange, that has not already been submitted by others, I hereby agree to pay you a commission of Twenty Five Hundred ($2,500.00) Dollars, when a satisfactory deal has been consummated.

"This authority is not intended to be exclusive, as I reserve the right to deal through others, but in case a deal is consummated, I will give you immediate notice accordingly. Yours very truly,
                    "(Signed) S. S. Fair,
      "P. O. Box 524, Centralia, Washington."

[1] There is an attempt, both by the allegations of the complaint and by evidence offered, to bolster up and enlarge this contract by a prior contract of nearly three years earlier date, which gives a somewhat more detailed description, in some respects, of the property to be sold; but we think, under well settled rules, the earlier writing cannot now be considered. The present writing makes no reference to the other writing such as is necessary to incorporate it therein, is unambiguous and complete in itself, and appellant must stand or fall by its terms. But, in

any event, the earlier contract is so far deficient, when the rule of the cases hereinafter referred to is applied, as to lead to the same result.

[2] Is the description "my hotel property situated in Centralia, Washington, known as the Centralia Hotel," sufficient? Or to take the words of the earlier contract:

"I am the owner of the Hotel Centralia of this city . . . located on Main street. . . . The lot upon which the hotel is located is 140 x 140 ft., a full half block surrounded by three streets and an alley."

Unless we are to overrule all of our prior holdings upon the question, plainly neither description is sufficient. In *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583, the words "my stock ranch located in sections 9, 17, and 21, township 3 south, range 13 east, Sweetgrass county, Montana," were held insufficient, and the prior cases of like import were there reviewed. Subsequently, in *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862, *Larue v. Farmers & Mechanics' Bank,* 102 Wash. 434, 172 Pac. 1146, *Big Four Land Co. v. Daracunas,* 111 Wash. 224, 190 Pac. 229, and *White v. Panama Lumber & Shingle Co.,* 129 Wash. 189, 224 Pac. 563, descriptions just as informative and leading just as clearly to identification of the property were held bad. Such precedents cannot be disregarded.

[3] But it is argued, the agent lived and did business in Oregon, the commission contract was signed and delivered to him in Oregon, he found the purchaser in Oregon, the negotiations took place in Oregon, and that the Oregon law, which is pleaded, should be applied. Still, even though we concede, for the sake of argument, that so far as other reasons are concerned, the laws of Oregon would govern, yet our statute of frauds declares a public policy (*Chambers*

*v. Kirkpatrick*, 142 Wash. 630, 253 Pac. 1074) and we may not subordinate that which has been made a public policy of this state to the laws of some other jurisdiction. *Carstens Packing Co. v. Southern Pac. Co.*, 58 Wash. 239, 108 Pac. 613, 27 L. R. A. (N. S.) 975.

An exactly parallel case is that of *Barbour v. Campbell*, 101 Kan. 616, 168 Pac. 879.

Our holding just indicated makes it unnecessary to consider other questions which have been raised in the case.

The judgment appealed from is affirmed.

MACKINTOSH, C. J., HOLCOMB, and MAIN, JJ., concur.