[No. 20168.  *En Banc.*  October 6, 1927.]

CLARENCE C. CHAMBERS, *Appellant,* v. LINDSEY E. KIRKPATRICK *et al., Respondents.*[1]

[1] FRAUDS, STATUTE OF (20)—REAL PROPERTY—CONTRACTS FOR BROKER'S COMMISSIONS. Rem. Comp. Stat., § 5825, providing that a contract authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission, has no application to an agreement, made with a timber cruiser having an extensive knowledge of timber lands, whereby he was to show certain timber to a prospective purchaser, who orally agreed that, if it suited him and he bought it, he would pay the cruiser a dollar a thousand and twenty-five cents a cedar pole; whereupon the cruiser helped him survey the tract and cruise the timber, and gave him the name of the owner; since he was in no sense an "agent" and was not employed to "purchase" or assist in purchasing it, within the statute (overruling on rehearing, Id., 142 Wash. 630, 254 Pac. 1074).

TOLMAN, PARKER, FULLERTON, and ASKREN, JJ., dissent.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered March 31, 1926, dismissing an action on contract, upon granting a nonsuit, at a trial to the court.  Reversed.

*O. C. Moore,* for appellant.

*John Pattison* and *Munter & Munter,* for respondents.

MITCHELL, J.—Plaintiff, Clarence C. Chambers, a resident of Spokane, having engaged in the lumber and timber business and as a timber cruiser for a number of years, had knowledge of considerable of the timber lands in northern Idaho.  His knowledge of such lands had been acquired by his own cruising and examination of such lands.  The defendant Lindsey E. Kirkpatrick approached Chambers, saying that he was looking for a piece of timber, and asked him if he had

[1]Reported in 259 Pac. 878.

anything that might suit him.  Chambers told him of some timber land in Idaho.  Kirkpatrick told him he would be glad to go with him and look it over.  Chambers told him that he usually had options on such lands, but that he had none on these.  Kirkpatrick said:

"You don't need any option, if you do business with me.  If you will take and show me that timber, and it suits me and I buy it, I will pay you for it."

He asked Chambers what he wanted, to which Chambers replied:

"A dollar a thousand, and twenty-five cents each for merchantable cedar poles."

Kirkpatrick then said to him:

"That don't say, Chambers, if you take me over there now, that I am going to take it; but if I do take it, I will pay you one dollar a thousand and twenty-five cents a cedar pole."

With that understanding, Chambers took him to the timber lands, and using a compass, showed him the corners or boundaries of the land, and then running the compass, assisted him in estimating and cruising the saw timber and cedar poles.  He told Kirkpatrick who he understood was the agent of the owner, and the price asked for the timber, and further that, if he, Kirkpatrick, bought it, the owner or his agent would not pay Chambers anything for his services.

Shortly thereafter, Kirkpatrick, dealing directly with the agent of the owner without the help or intended help or assistance of Chambers, purchased the timber; and refusing to pay Chambers for locating him and for his surveying and assistance in the cruising, Chambers brought this suit against Kirkpatrick and his wife to recover compensation according to the terms of the oral agreement.

At the trial, upon testimony showing the facts as above stated, and further showing the amount of merchantable saw timber and cedar poles on the land, upon motion of the defendants, the trial court granted a nonsuit and dismissed the action; finding and holding that the contract was oral, related to the recovery of compensation or commission for an agent or broker in the purchase of real estate for the defendants, and that the agreement was void under the statute law of this state. The plaintiff appealed and by an opinion of a Department of this court, reported in 142 Wash. 630, 253 Pac. 1074, the judgment was affirmed. A rehearing was granted, and upon the re-argument before, and consideration by, the court sitting *En Banc,* a majority of us are of the opinion that the opinion of the Department was wrong, and that the judgment appealed from must be reversed.

[1] The sole question is whether or not Rem. Comp. Stat., § 5825 [P. C. § 7745], is applicable to and controls the facts in this case. That section, so far as it is claimed to bear upon this case, says, in effect, that an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission shall be void unless such agreement or some note or memorandum thereof be in writing and signed by the parties to be charged therewith, or by some person thereunto by him lawfully authorized. To fall within the statute, the one suing or claiming compensation must have been authorized or employed as an agent or broker to sell or purchase real estate. There is no claim that the appellant was authorized or employed to sell real estate; indeed, the action was dismissed because the court found that the appellant was employed as agent or broker for the defendants in the purchase of real estate. So that the narrow

question in the case is, Did the appellant act as agent or broker for the purchasers of the standing timber?

There is no need of citing authorities in support of the well-settled rule that a statute precluding a broker or agent from recovering commission, unless his authority is in writing, is in derogation of the common law and must be strictly construed, and that such a statute will not apply to cases which are not strictly within its terms. The terms and provisions of our statute are plain. The statute applies to an agreement *authorizing* or *employing* an *agent* or *broker* to *sell* or *purchase* real estate. In *Carstens v. McReavy,* 1 Wash. 359, 25 Pac. 471, this court said:

"A real estate agent is a person who is, generally speaking, engaged in the business of procuring purchases or sales of land for third persons upon a commission contingent upon success."

Webster's New International Dictionary (1927) defines the word "agent" as follows:

"One who acts for, or in the place of, another, by authority from him; one entrusted with the business of another; a substitute; a deputy. . . . The term 'agent' in its broadest sense includes any person acting for another by his authority."

The term "broker," as used in the statute, means the same thing. A broker is but an agent. 9 C. J. (Brokers), p. 510, § 7, says:

"A real estate broker or agent is one employed to negotiate the purchase or sale of real estate; one who buys and sells lands, and obtains loans, etc., on mortgages; one who negotiates sales of real property; a person who is, generally speaking, in the business of procuring purchases or sales of lands from third persons on a commission contingent on success;"

citing many cases, including *Carstens v. McReavy, supra.*

There was nothing of that kind in this case. Appellant was not authorized or employed by respondent to procure or negotiate for the purchase of the timber in any manner whatever. He was not asked nor expected to bring the parties together, nor seek an appointment for that purpose, by letter or otherwise; nor was he asked, authorized or empowered to ascertain the price or terms upon which the timber could be purchased, nor the time for the removal of it. He was not given any authority of any kind to represent the respondents in any manner whatsoever, nor entrusted with any plan or course of conduct that required the exercise of discretion or power, general or limited.

All that appellant was employed to do, and all that he undertook and performed, was to take the respondent to the timber, survey out for him the corners of the land and help him cruise the timber and take him back to Spokane, working under the direct employment and personal control of his employer. The relation between the parties was that of master and servant. The statute relied upon by the respondents has no more application to the facts in this case than it would had the appellant personally, by oral agreement, cruised the timber or run the lines or dug a ditch, one or all, on land already owned by the respondents.

Reversed.

Mackintosh, C. J., French, Main, and Holcomb, JJ., concur.

Tolman, J. (dissenting)—I am still of the opinion that the late Judge Bridges, in the Departmental opinion, 142 Wash. 630, 253 Pac. 1074, correctly stated the facts and properly construed the statute.

I therefore dissent.

Parker, Fullerton, and Askren, JJ., concur with Tolman, J.