## DUNN v. SLEMONS.

### No. 5436.

Court of Civil Appeals of Texas. Amarillo.

Sept. 21, 1942.

Rehearing Denied Nov. 2, 1942.

Carl Gilliland, of Hereford, for appellant.

Ray Cowsert, of Dimmitt, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Deaf Smith County, but a change

of venue was had and the case duly transferred and tried in the District Court of Castro County.

In his first amended original petition appellant sought to recover from appellee the sum of $1,649.13, with interest and cost, alleged to be due him for services as a real estate dealer. He pleaded he was duly and legally licensed under the Real Estate Dealers License Act, Vernon's Ann. Civ.St. art. 6573a, and at all times herein involved engaged in the sale of real estate on commissions; that appellee owned real estate which he desired to sell and employed appellant as his agent to procure a purchaser for the "following described land situated in Castro County, Texas, to-wit:

"All of Section No. 5, of the J. E. Tucker Subdivision of League No. 4 of the Delta County School Land, containing 622 2/3 acres of land, more or less.

"All of the Northwest One-Fourth of section No. 4, of the J. E. Tucker Subdivision of League No. 4, of the Delta County School Land, containing 160 acres of land, more or less.

"All of Section No. 78, in Block M-7, Cert. No. 449, Original Grantee John Gibson, and containing 666.8 acres of land, more or less."

He pleaded as evidence of his agreement and employment that appellee signed and delivered to him the following memorandum in writing: "I hereby give R. M. Dunn authority to sell my land on which we have made understanding between ourselves." He also pleaded that the understanding referred to in the writing was to the effect that appellee would pay appellant a commission of 5% if he procured a purchaser ready, willing and able to buy the land, who would pay $32,982.66 as the consideration therefor; that appellant in pursuance of the contract found a purchaser who bought the land for the consideration above specified and the appellee thereby became indebted and promised to pay him a 5% commission which would amount to $1,649.13. He says in the alternative that if appellee did not contract to pay him 5% of the purchase price of the land that he did agree to pay to appellant a reasonable compensation for the service of selling the land, which was 5% of the purchase price. He also pleads in the alternative that if appellee did not

agree to pay the 5% nor to pay a reasonable compensation, then appellant is entitled to recover the customary compensation for such services, which, he asserts, is 5% of the purchase price of the land sold; that by reason of the premises appellee is indebted to him in the amount herein alleged which he failed to pay and refuses to pay.

The appellee by special exceptions assails the sufficiency of the memorandum in writing to constitute a cause of action on which appellant could maintain his suit to recover a commission for the sale of real estate, since it appears on the face of such writing and the allegations in the petition that the memorandum fails to comply with the statute of frauds, section 22, article 6573a, contained in the Real Estate Dealers License Act.

The court sustained appellee's contentions, the appellant refused to amend and the case was dismissed, from which action of the court this appeal is prosecuted.

The only question presented by appellant in his assignments is whether the written memorandum sued on is a sufficient compliance with article 6573a, section 22, contained in the Real Estate Dealers License Act, which appellee contends is but an extension of article 3995, applicable to contracts for the sale of real estate.

This article 3995, Vernon's Annotated Civil Statutes, so far as applicable to this controversy, reads as follows:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

Section 22 of the Real Estate Dealers License Act, General Laws, Forty-Sixth Legislature, page 576, Vernon's Annotated Civil Statutes, Article 6573a, is as follows: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in

writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized." ·

In Cargill et al. v. Kountze et al., 86 Tex. 386, 22 S.W. 1015, 25 S.W. 13, 15, 24 L.R.A. 183, 40 Am.St.Rep. 853, Judge Gaines, speaking for the Supreme Court, says: "When the legislature re-enacts a statute which has been construed by the courts, the presumption is that it intended that the new enactment should receive the same construction as the old."

In construing article 3995, in Osborne v. Moore, 112 Tex. 361, 247 S.W. 498, 499, in answer to certified question, the Supreme Court says:

"It is the general rule that, to constitute compliance with the provisions of this statute, the writing, whether a formal contract or a mere memorandum, must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties. Jones v. Carver, 59 Tex. 293, 295; 25 R.C.L. p. 645, § 276; 20 Cyc. p. 258. This rule, however, as construed by our Supreme Court, does not require that the writing shall contain all the stipulations agreed to by the parties, and the writing will be deemed sufficient in a suit against the seller for specific performance, if it be signed by him and show an agreement to sell or convey the particular land involved in the suit. Morrison v. Dailey, Tex.Sup., 6 S.W. 426.

"No part of such contract is more essential than the description by which. the subject-matter thereof is to be identified. With reference to the description in such cases, our Supreme Court has uniformly held that the writing must furnish in itself, or by reference to some other writing, the means or data by which the particular land to be conveyed can be identified."

In Smith et ux. v. Sorelle et al., 126 Tex. 353, 87 S.W.2d 703, 705, Judge Sharp, in construing article 3995, quotes from Chief Justice Marshall this language:

"The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty.

"To hold otherwise would defeat the wise intention and object of the statute, by permitting to rest in parol extrinsic testimony, that which should have been embraced in the written instrument. * * *" Chinoweth v. Haskell's Lessee, 3 Pet. 92, 7 L.Ed. 614.

Judge Sharp then continues: "The rule is well settled that parol evidence cannot be introduced to vary or contradict the descriptive data of a deed. 14 Texas Jurisprudence, § 251, pp. 1045, 1046. The descriptive words in an instrument should be given a liberal construction, in order that the writing may be upheld, and parol evidence is admitted to explain the descriptive words and to identify the land; but the instrument itself must contain a nucleus of description. The parol testimony must directly be connected with the descriptive data, and when more than this is required, the description is insufficient. 14 Texas Jurisprudence § 204, pp. 992, 993, and authorities cited."

It will be noted that the language in article 3995 requires that no action shall be brought upon any contract for the sale of real estate unless the contract or some memorandum thereof shall be in writing. Article 6573a, section 22, provides that no action shall be brought for the recovery of commission for the sale of real estate unless the contract or some memorandum thereof shall be in writing. Note the words which are the same in each statute.

Our Supreme Court, in construing the language in article 3995 pertaining to contracts for the sale of real estate, holds that the writing must contain a nucleus of the description of the property before parol testimony may be admitted to cure the description and if this rule is applied to the present case the contract is obviously within the statute of frauds. It is not necessary to discuss the effect an insufficient description has on the invalidity of a memorandum in writing nor the admissibility of parol testimony to remedy such defective description, since the written memorandum sued on contains no description nor nucleus or foundation in writing to authorize the resort to parol evidence to describe the land listed.

We find no cases in Texas that interpret section 22 of article 6573a, Vernon's Annotated Civil Statutes, on the precise question here involved, but from the exact language found in the two statutes we conclude that the language in article 6573a, which is the same as the language in article 3995, should be inter-

preted to have the same meaning. The principle announced by Judge Sharp pertaining to a nucleus in the writing or a foundation therein to admit oral testimony is very persuasive in the consideration of the statute of frauds in the Real Estate Dealers License Act.

An executed oral contract does not take the agreement out of article 6573a nor can the real estate broker recover on the doctrine of quantum meruit. Landis et al. v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228, writ denied; Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310.

The general rule of construction in jurisdictions where the statute of frauds requires a broker's contract to be in writing before he can collect his commission from the owner for the sale of real estate is stated in 8 American Jurisprudence 1013, par. 27, as follows: "The general rule that the memorandum of a contract required to be in writing by the statute of frauds must contain the essentials of the contract so that they may be ascertained from the writing or writings without a resort to oral evidence applies to agreements employing brokers to sell or purchase real estate."

In states where listing contracts are required to be in writing, the courts are not in accord on the sufficiency of the description required in the writing to comply with such statutes. Some hold that the land should be described with the same certainty as suits for specific performance in land sales. Others hold such certainty is not required, but if the written memorandum contains data, though defective, from which the property can be identified by parol testimony, it may be admitted to cure the defect in the writing. In other words, if the writing contains a nucleus or foundation that will satisfy the parol evidence rule, the description is sufficient under the principle announcing "That is certain which can be made certain" and, while a description may be cured by parol testimony, it cannot be created thereby.

The written memorandum under consideration does not state the land for the sale of which a commission is sought was all the land owned by the appellee in Castro County nor even in the State of Texas.

His petition shows that appellee, in fact, did own other land in Castro County; that the appellee is a non-resident of the State and appellant had a writ of attachment issued and levied on the land so out of the foreclosure and sale thereof he would be able to collect his commission.

One of the essential elements of a listing contract is the identification of the land and, since the writing contains no description of the real estate and no nucleus that would authorize the admission of parol testimony to identify the land, the word "understanding" in the memorandum might not evidence a meeting of the minds on the specific property listed and it would, therefore, be a misunderstanding as to the identity of the land which would present a controversy the establishment of which would depend on parol testimony. The object of the statute is to prevent fraud and perjury and its enactment by the legislature was undoubtedly with the intention of prohibiting a real estate dealer from maintaining his suit in court for a commission for the sale of land where an essential element thereof could be established only by parol evidence.

We conclude, therefore, that the memorandum in writing was within the statute of frauds and the court correctly sustained appellee's contention.

The conclusion we have reached finds support in the following cases: Cushing et al. v. Monarch Timber Co., 75 Wash. 678, 135 P. 660, Ann.Cas.1914C, 1239; Farley v. Fair et ux., 144 Wash. 101, 256 P. 1031; Glazer v. Hanson et ux., 98 Cal.App. 53, 276 S.W. 607; Howell v. North, 93 Neb. 505, 140 N.W. 779; Henderson v. Lemke et al., 60 Or. 363, 119 P. 482; Zimmerman et al. v. Zehender, 164 Ind. 466, 73 N.E. 920, 3 Ann.Cas. 655.

For an exhaustive compilation of authorities construing the statute of frauds as applied to the collection of commissions for the sale of real estate, see annotations in 80 A.L.R. under the case of John Pallange v. Ida Mueller, beginning on page 1456 and ending on page 1480.

The judgment of the trial court is affirmed.