[No. 29282. Department Two. July 29, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM R.
HORNER, *Appellant*.[1]

*Kohlhase & Armstrong*, for appellant.

*Melvin C. Rooney* and *Edwin U. Driscoll*, for respondent.

MALLERY, J.—On May 27, 1918, the appellant, William R.
Horner, entered a plea of guilty to a charge of murder in
the first degree. Thereupon, without impaneling a jury to
hear testimony to determine the degree of murder and fix
the punishment therefor, as required by Rem. Rev. Stat.,
§ 2116 [P. C. § 9169], he was adjudged by the court to be
guilty of the crime of murder in the first degree and sen-
tenced to be punished by confinement at hard labor in the
state penitentiary for the term of his life.

On May 10, 1943, he applied to this court for a writ of
*habeas corpus*, which was denied conditionally. All of the

[1]Reported in 150 P. (2d) 690.

matters concerning his application for the writ will be found in *In re Horner,* 19 Wn. (2d) 51, 141 P. (2d) 151. Therein, this court excluded from its consideration all of the matters set out in his petition, which could have been raised by an appeal, excepting only that it permitted him to raise the question of the court's authority to render the particular judgment in question. It sustained a collateral attack upon the judgment upon the ground that, having failed to impanel a jury as required by law, the judgment was void. The court used this language:

"As we have indicated by the quotation hereinbefore made from the note in 76 A. L. R. 468, the weight of judicial opinion now is that, in order to render a judgment immune from collateral attack by *habeas corpus,* the court must have had not only jurisdiction of the subject matter and of the person of the defendant, but also authority to render the particular judgment in question."

The court further said:

"In the instant case, it is manifest, from the plain terms of the statute, that the petitioner did not—and, indeed, could not—waive a jury by his plea of guilty; and it is equally apparent that the trial judge had no authority to enter judgment and sentence unless and until a jury determined the degree of the crime, for the applicable statute reads as follows:

" 'If, on the arraignment of any person, he shall plead guilty, if the offense charged be not murder, the court shall, in its discretion, hear testimony, and determine the amount and kind of punishment to be inflicted; but if the defendant plead guilty to a charge of murder, a jury shall be impaneled to hear testimony and determine the degree of murder and the punishment therefor.' "

After finding the judgment void for want of authority in the court to impose a sentence on a charge of first-degree murder without the impaneling of a jury, the court defined appellant's status in these words:

"His status is that of one who has pleaded guilty to a charge of murder in the first degree, but has not been sentenced. This being so, no final order will be made at this time, but the court will, under the authority of Rem. Rev. Stat., § 1083 [P. C. § 8047], enter a temporary order chang-

ing his custody from the superintendent of the state penitentiary to that of the sheriff of Cowlitz county, there to be dealt with as the superior court of that county shall deem consonant with law and justice."

Accordingly, the appellant was returned to the custody of the sheriff of Cowlitz county and brought before the court, a jury was impaneled, the verdict of the jury returned, and sentence pronounced by the court in accordance therewith. The appellant assigns three errors on this appeal: (1) The court erred in refusing to permit appellant to change his plea of guilty to not guilty; (2) the court erred in refusing to withdraw from the jury the question of murder in the first degree; and (3) the court erred in not granting a new trial to appellant.

The first assignment may be disposed of by referring to the decision in *In re Horner, supra,* in which the court stated: "His status is that of one who has pleaded guilty to a charge of murder in the first degree, but has not been sentenced."

The judgment and sentence alone were void. The information, the plea, and all of the other legal steps that precede the impaneling of a jury were valid. Indeed, a petition for a writ of *habeas corpus* cannot be used for the purpose of raising questions touching these steps, which should have been raised by an appeal; otherwise, the time limits in criminal appeals would be ineffectual.

A plea of guilty was entered prior to the imposition of the void sentence in 1918. Prior to impaneling the jury in 1943, the appellant moved the court for permission to withdraw his plea of guilty and enter a plea of not guilty. After careful consideration, the court refused him permission so to do. The situation is the same as if appellant had recently been informed against and a void sentence had not been imposed. It is true that appellant could not waive the impaneling of the jury but he did have the right to enter a plea of guilty.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, whose ruling will not be disturbed except upon a showing of abuse thereof.

*State v. Hensley,* 20 Wn. (2d) 95, 145 P. (2d) 1014. The record well sustains the trial court's ruling.

 In support of his second assignment of error, the appellant contends that premeditation was not proved beyond a reasonable doubt in support of the charge of murder in the first degree.

Appellant, Horner, had worked on the Bassett ranch both before Mr. Bassett's death and afterwards. In the following year, appellant had been advised that Mrs. Bassett had finally secured a clear title to her one hundred twenty acre ranch. Later in the year 1917, the appellant and Mrs. Bassett and her two children had lived in Snoqualmie, where he had worked for the Snoqualmie Falls Lumber Company. On May 15, 1918, the appellant with Mrs. Bassett and the children left Snoqualmie, with a camping outfit, in appellant's Ford automobile bound for somewhere on the Columbia river. They stopped in Kent, where a deed was made by Mrs. Bassett conveying the ranch to the appellant. The next day, Thursday, they stopped in Tacoma to secure revenue stamps for the deed. They camped at Tenino, Washington, that night. The next day, they continued their journey and stopped for the night somewhere south of Kelso, where appellant shot Mrs. Bassett to death.

Concerning this, the appellant said in his confession:

"I went to sleep and awoke about daylight. Mrs. Bassett woke up and we began to talk. She asked me to marry her, begged me to. Then I told her I couldn't, she was too old, she got excited and angry. She cursed me for a while. Then I turned over and thought about it and then I got mad and went crazy. I got up and got the gun and shot her."

Motive and prior conduct of a defendant is as much a part of the substantive evidence to show premeditation as is the immediate reflective deliberation which precedes the act itself.

It is clear that appellant intended to kill Mrs. Bassett. A period of time long enough to form a deliberate intent to kill is sufficient to sustain a verdict finding premeditation if the thought and act do not occur instantaneously. The appellant "turned over and thought about it," and "got up and

got the gun and shot her." The verdict of the jury must stand. See *State v. Williams,* 142 Wash. 673, 253 Pac. 1074; *State v. Miller,* 164 Wash. 441, 2 P. (2d) 738; *State v. Davis,* 6 Wn. (2d) 696, 108 P. (2d) 641.

The contentions in support of the last assignment of error all inhere in the first and second assignments of error.

The judgment is affirmed.

SIMPSON, C. J., BLAKE, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—The right of trial by jury shall remain inviolate and cannot be waived by a defendant by his plea of guilty. See Art. I, §§ 21, 22, state constitution. The legislature cannot impair that constitutional guaranty so long as courts are mindful of their oath to support the constitution.

Patently, the judgment was void in the so-called first trial of appellant; otherwise, appellant's collateral attack upon that judgment would not have been sustained in his petition for writ of *habeas corpus.* The entire proceeding was null and of no effect; therefore, defendant never had a trial by court and jury guaranteed to him by our constitution. It follows that appellant should be again permitted to plead to the charge against him and then be accorded a constitutional trial—one by court and jury. We grant not less than a new trial to an appellant for prejudicial error.

That he is guilty of a heinous crime may be conceded; however, that cannot justify "lynch" law even by a court. Justice should be vindicated, not outraged.