[No. 903-1. Division One—Panel 1. July 17, 1972.]

DWAIN L. HANKINS, *Respondent,* v. AMERICAN PACIFIC SALES CORPORATION, *Appellant.*

*Moschetto & Alfieri, Joseph A. Moschetto,* and *Robert J. Gunovick,* for appellant.

*Lycette, Diamond & Sylvester* and *John P. Lycette, Jr.,* for respondent.

WILLIAMS, J.—This is an action brought by Dwain L. Hankins to recover an $8,000 downpayment made to American Pacific Sales Corporation for a car wash franchise which included equipment and accessories. Upon Hankins' motion, the court granted summary judgment requiring American Pacific to return the money. American Pacific appeals from that judgment. The sole question presented is whether there is a genuine issue of fact in the controversy.

The facts are these: Hankins signed a purchase order of American Pacific which listed in some detail the equipment and accessories for the car wash. The purchase price was stated as $45,038, and a deposit of $8,000 was receipted. Under a heading entitled "Changes or Additions to the Above" the following appeared in handwriting: "order subject to acquisition of satisfactory location and lease by purchaser. Purchaser has option to make certain changes on items above." The order was dated May 10, 1969.

In Hankins' motion for summary judgment, it is stated that on June 17, 1969, American Pacific was advised that the lease submitted was not satisfactory and return of the $8,000 deposit was demanded. The affidavits filed by American Pacific in opposition to the motion for summary judgment state that at the time the purchase order was signed there was a location and lease satisfactory to Hankins, but that the property was not then available. These affidavits further state that the property did become available and a lease satisfactory to Hankins was obtained and made ready for his signature by a licensed real estate agent.

The trial court agreed with Hankins' contentions that the two handwritten provisions of the contract above quoted render it illusory and unenforceable. American Pacific contends that the purchase order is ambiguous and incomplete and that available parol evidence would remove uncertainties in the contract.

■ The primary issue is the legal effect of the provision in the order which states: "subject to acquisition of satisfactory location and lease by purchaser." Determination of this question depends upon whether the alleged agreement between the parties was fully expressed in the written order. A contract may be oral or written or partially oral and partially written. *Black v. Evergreen Land Developers, Inc.*, 75 Wn.2d 241, 450 P.2d 470 (1969); *Dix Steel Co. v. Miles Constr., Inc.*, 74 Wn.2d 114, 443 P.2d 532 (1968). Terms, which are set forth in a writing intended by the parties as a final expression of the terms included, may be explained or supplemented by evidence of consistent additional terms, unless the court finds the writing to have been intended as a complete and exclusive statement of the terms. RCW 62A.2-202(b). *Bharat Overseas, Ltd. v. Dulien Steel Prods., Inc.*, 51 Wn.2d 685, 321 P.2d 266 (1958); *Washington Dehydrated Food Co. v. Triton Co.*, 151 Wash. 613, 276 P. 562 (1929). *See also Grant v. Auvil*, 39 Wn.2d 722, 238 P.2d 393 (1951). American Pacific offers to prove consistent additional terms in an oral agreement—that the terms of the lease and the property leased had been approved by Hankins. To determine the admissibility of this evidence, the factual issue, whether the alleged contract was integrated, must be resolved.[1]

The option given to Hankins to make certain changes in the items purportedly sold will not in itself make the alleged contract unenforceable. The applicable Uniform Commercial Code section (RCW 62A.2-201) is as follows:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement

---

[1]Additionally, it is uncertain whether the "satisfactory location and lease" were to be to the personal satisfaction of Hankins, or whether the intent was to give the right to terminate only in the event of Hankins' dissatisfaction upon some reasonable grounds. *Gould v. McCormick*, 75 Wash. 61, 134 P. 676 (1913). This question must also be resolved upon trial of the case.

is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

Official comment number 1 on this section of the Uniform Commercial Code (RCWA 62A.2-201) states:

The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction.

■■■ Thus, the three essential requirements of a contract of sale are that the writing evidence a sale of goods, that it be signed, and that it specify quantity. *Southwest Eng'r Co. v. Martin Tractor Co.*, 205 Kan. 684, 473 P.2d 18 (1970). The purchase order before us contains all three of these essentials. Although Hankins is authorized to make certain changes in the property listed, the goods are described in detail in the order. When quantity is not precisely stated, parol evidence is admissible to show what the parties intended as the exact quantity. *Washington Dehydrated Food Co. v. Triton Co., supra; Wright v. Seattle Grocery Co.*, 105 Wash. 383, 177 P. 818 (1919).[2]

There is nothing in the record at this point to show that the written order was a total expression of the agreement of the parties. In the event the trial court determines that the written order is not an exclusive statement of the terms of the sales agreement, then the content of the additional terms, including those pertaining to the lease and quantity, must be resolved by the court. These are genuine issues of fact.

Reversed for trial.

HOROWITZ, C.J., and CALLOW, J., concur.

[2] *See also Hughes Mfg. & Lumber Co. v. Parker-Bell Lumber Co.*, 53 Wash. 516, 102 P. 433 (1909); Annot., 105 A.L.R. 1100, 1105 (1936); 49 Am. Jur. *Statute of Frauds* § 346 (1943).