[No. 47169–0. En Banc. June 4, 1981.]

JACK T. BELL, ET AL, *Petitioners,* v. RUDY HEGEWALD, ET AL, *Respondents.*

*Duane Lansverk* (of *Landerholm, Memovich, Lansverk, Whitesides, Marsh, Wilkinson & Klossner, Inc., P.S.*), for petitioners.

*R. DeWitt Jones*, for respondents Hegewald.

*James F. Henriot* (of *Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn*), for respondent Louisiana Pacific Corp.

DOLLIVER, J.—Jack Bell, real estate broker, and Margaret Junge (now Sherman), real estate salesperson, commenced this action against Mr. and Mrs. Rudy Hegewald for breach of oral contract to pay a sales commission, and against Louisiana Pacific Corporation for breach of its promise to protect their commission. At the close of plaintiffs' case, Hegewald moved for a directed verdict on the grounds that, because the oral agreement involved the sale of real property, it was brought within the statute of frauds. The trial court denied the motion.

The jury awarded Bell and Junge $197,186.04 against both Hegewald and Louisiana Pacific Corporation, plus $77,732.07 in interest against Hegewald. The trial court denied defense motions for judgment notwithstanding the verdict or in the alternative for a new trial. Defendants appealed and the Court of Appeals reversed, remanding for a new trial as to Hegewald and the entry of a judgment notwithstanding the verdict as to the claim against Louisiana Pacific. We reverse the Court of Appeals.

An appellate court will sustain findings of fact which are supported by substantial evidence. *St. Regis Paper Co. v. Wicklund,* 93 Wn.2d 497, 610 P.2d 903 (1980). "Substantial evidence is evidence in sufficient quantum to persuade a fair–minded person of the truth of the declared premise."

*Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978).

■ Where there is a challenge to the sufficiency of the evidence, including a judgment notwithstanding the verdict, we have said that challenge

> admits the truth of the opponent's evidence and all inferences which can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in a light most favorable to the opponent. No element of discretion is involved. Such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim.

*Powers v. Hastings,* 93 Wn.2d 709, 713, 612 P.2d 371 (1980), quoting from *Davis v. Early Constr. Co.,* 63 Wn.2d 252, 254–55, 386 P.2d 958 (1963). We further stated that in an action for damages as opposed to specific performance, the degree of evidence required is substantial evidence, rather than evidence which is "clear and unequivocal." *Powers v. Hastings, supra* at 714.

The evidence showed that in 1973 Junge worked as a salesperson for Bell, a real estate broker in Vancouver. Early in March of that year, Junge contacted Rudy Hegewald and inquired if he was interested in selling his sawmill complex. Junge knew at the time that Louisiana Pacific Corporation was engaged in an acquisition program and hoped to interest it in the sale. Hegewald stated that he would be interested in talking with a strong purchaser, and for her to arrange a meeting. According to Junge, she told Hegewald to be sure to include a 6 percent commission when figuring a price, but Hegewald testified contrarily that Junge had not told him she was a salesperson or that he would be responsible for the commission.

Junge subsequently arranged to have representatives of Louisiana Pacific tour Hegewald's sawmill complex. At the end of the tour Junge advised Hegewald privately to be sure to include a 6 percent commission when setting a price. Sometime after the tour of the plant, Junge called

Hegewald in response to a request by Louisiana Pacific to ask Hegewald if he had determined a price. She again told Hegewald to include a 6 percent commission.

Neither Junge nor Bell attended the actual negotiations between Louisiana Pacific and Hegewald. Bell testified that Louisiana Pacific asked him not to attend because the negotiations were usually handled strictly between the seller and themselves. Consequently, Bell testified that he asked a representative of Louisiana Pacific to cover and protect their interest. The representative answered by stating that he would see that they were protected and bring it up during the negotiations. Both Bell and Junge testified that they were aware that Louisiana Pacific never paid commissions or finder's fees. Although there was some testimony that consideration was given to the sale of real estate, the ultimate transaction was the acquisition of all the common stock of Hegewald Timber Company by Louisiana Pacific Corporation.

■ A contract may be oral. *Hankins v. American Pac. Sales Corp.,* 7 Wn. App. 316, 499 P.2d 214 (1972). A contract may be implied in fact with its existence depending on some act or conduct of the party sought to be charged. It may arise by inference or implication from circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention on the part of the parties to contract with each other. *Ross v. Raymer,* 32 Wn.2d 128, 201 P.2d 129 (1948).

On the question of whether Hegewald breached an oral contract, the trial court ruled:

> Taking the statement most favorable to the point of view of the plaintiffs, which Mr. Jones agrees the court is required to do, there are three instances, according to the testimony of Mrs. Sherman, that a commission was mentioned by her. . . .
>
> . . .
> There are cases in this state which indicate that, of course, oral agreements, if they have all the essential requisites of contracts satisfied, can be enforced. They can either be express or implied. . . . I don't think that I

can, on the state of the evidence here, say that no possible claim against the Hegewald Timber interests or Mr. Hegewald for the sale of the Hegewald Timber Company has been shown.

On the question of whether Louisiana Pacific breached its promise to protect the commission, the trial court ruled:

The only thing that I can believe in my mind that would make this a jury question at all would be the fact that Louisiana Pacific has been, at least the testimony shows, has through its officers indicated to Mr. Bell that further participation by them in this matter was not desired, that they would take care of it, let them handle it, words to that effect. . . . I think, if you will permit the use of, a thin theory is about all they have, but nevertheless I think it's still actionable, however thin it may be.

Interpreting the evidence most strongly against the defendants and in a light most favorable to the plaintiffs, we agree with the trial court that the jury verdict is supported by substantial evidence.

Defendants, however, contend the commission is barred under the statute of frauds. The portion of the statute of frauds urged upon us by defendants reads:

In the following cases, specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized . . . (5) An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission.

RCW 19.36.010.

The intent of the statute is to prevent fraud. *Farley v. Fair,* 144 Wash. 101, 256 P. 1031 (1927); *Miller v. McCamish,* 78 Wn.2d 821, 479 P.2d 919 (1971). This "statute precluding a broker or agent from recovering commission, unless his authority is in writing . . . must be strictly construed, and . . . will not apply to cases which are not strictly within its terms." *Chambers v. Kirkpatrick,* 145 Wash. 277, 280, 259 P. 878 (1927); *Gronvold v. Whaley,* 39 Wn.2d 710, 237 P.2d 1026 (1951).

■■ As is stated in 1 W. Fletcher, *Private Corporations* § 31 (1974), at page 133:

The shares in a corporation which owns nothing but real estate are nevertheless mere personal property since the stockholders are not the owners of the real estate, but the corporation alone.

RCW 19.36.010(5) does not apply to the sale of personal property. *Evans v. Marrenger*, 133 Wash. 411, 233 P. 924 (1925); *Merritt v. American Catering Co.*, 71 Wash. 425, 128 P. 1074 (1912).

In considering the applicability of the statute of frauds, the trial court stated:

We have differences of opinion, obviously here, as to whether we sold real estate or whether we sold personal property in this case. It's not absolutely clear what was originally intended or what the parties had in mind insofar as an original sale of the assets of Hegewald Timber Company, whether it was the sale of real property, a mixed sale or some other, stock for stock I heard, and so forth. I don't think it's clear at all from the evidence that a sale of real estate was what was involved here. I think the only safe conclusion that I could make at this point from the evidence and from what the contract documents themselves indicate is that there was a sale of personal property in the form of stock. The stock of the Hegewald Timber Company, the Shareholders' interests, in other words, were acquired by Louisiana Pacific.

Now I'm not overlooking the fact that the assets of Hegewald Timber Company were substantially real estate holdings, improvement to real estate as well as personal property. But I think the form of the transaction controls and as such I will rule that the defense based on the statute of fraud is not applicable in this situation.

In the judgment of the trial court as established by the pleadings and supported by the proof, the statute of frauds was not applicable. *See Evans v. Marrenger, supra; Rutcosky v. Tracy*, 89 Wn.2d 606, 574 P.2d 382 (1978). Under these circumstances, it was not improper for the court to refuse to submit the question of the applicability of that statute to the jury. *Gross v. Lynnwood*, 90 Wn.2d 395, 401,

583 P.2d 1197, 96 A.L.R.3d 187 (1978).

We hold there was substantial evidence from which the jury could find the existence of an oral contract between the plaintiffs and both Rudy Hegewald and Louisiana Pacific, and that the statute of frauds is inapplicable to this case.

The Court of Appeals is reversed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied July 22, 1981.