IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RICHARD L. HARWOOD, and THE HARWOOD GROUP, LLC, | ) ) ) | No. 30679-8-III |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| WELLS FARGO BANK N.A., | ) ) | |
| Respondent. | ) | |

SIDDOWAY, J. — In 2009, The Harwood Group LLC (Harwood), the owner of a residential property, attempted to forestall foreclosure of a first deed of trust against the property by promising Wells Fargo Bank NA that it would make payment. In the complaint filed below, it alleges that representatives of Wells Fargo promised to postpone an impending trustee's sale of the property and provide a payoff amount to Harwood but then breached its agreement, explaining later that it had "dropped the ball." Harwood asserted a claim for promissory estoppel, which the trial court dismissed for failure to state a claim in light of the real estate statute of frauds.

On appeal, Wells Fargo argues an even more compelling basis for dismissal: the statute of frauds for credit agreements. Because it is evident that Harwood and Richard

Harwood[1] can prove no set of facts consistent with the complaint that would satisfy or avoid the statute of frauds, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Harwood assigns error to the trial court's dismissal of its complaint for failure to state a claim upon which relief can be granted. CR 12(b)(6). The following statement of facts therefore accepts as true the allegations of the complaint. *See, e.g., Reid v. Pierce County*, 136 Wn.2d 195, 201, 961 P.2d 333 (1998). We confine our discussion of the facts to matters alleged in the complaint, even though argument below and the parties' appellate briefing provide more detail and more precise characterizations of the roles of the respective parties.

In March 2009, Wells Fargo initiated foreclosure of a first deed of trust on a residential property on North Andrew Street in Spokane. Harwood had loaned money to the former owner of the residence secured by a second deed of trust. By March 2009, it had taken title to the property in lieu of foreclosing its own lien.

In an effort to protect its investment, Harwood contacted Wells Fargo, which thereafter agreed to postpone the trustee's sale three times. Its third and final postponement was to a sale date of November 30, 2009. Wells Fargo representatives

---

[1] We speak primarily of Harwood; the entity appears to be the real party in interest.

continually acknowledged that Harwood had a substantial interest in the property and that Wells Fargo would permit it to cure the defaulted obligation.

On November 24, Richard Harwood spoke with employees in Wells Fargo's loss mitigation department and told them that Harwood had funds to cure the existing default. He offered to tender them, immediately, to any location. In response, a Wells Fargo employee named Adam stated "he would call Mr. Harwood on November 30, 2009 with the exact payoff and that he would simply postpone the sale again." Clerk's Papers (CP) at 5 (Complaint ¶ 9). No one called Mr. Harwood on November 30. Harwood later learned from the trustee that the property had been sold on November 30. Another Wells Fargo employee, Raina, explained that "'they had dropped the ball.'" CP at 6 (Complaint ¶ 10). Although Harwood followed the employee's directions to send funds to Northwest Trustee Services, the trustee, with a copy to Wells Fargo, it became apparent after several more calls that Wells Fargo could not or would not rescind the sale.

Harwood and Richard Harwood initiated the action below with a "Complaint for Reliance and Violation of the Consumer Protection Act." CP at 3-7. The claim for reliance alleged that Harwood reasonably relied upon Wells Fargo's promises and representations, that Wells Fargo did not do what it had promised, and that Harwood was injured as a result.

Wells Fargo moved the court to dismiss the complaint for failure to state a cause of action. The motion was granted. Harwood's claim for violations of the Consumer

3

Protection Act, chapter 19.86 RCW, was later dismissed on summary judgment.
Harwood appeals only the dismissal of its claim for reliance or, as characterized on appeal, promissory estoppel.

## ANALYSIS

CR 12(b)(6) allows a defendant to move for dismissal where the pleadings do not state a claim for which a court may grant relief. We review de novo a trial court's decision to grant a CR 12(b)(6) motion. *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007). We will affirm the trial court's decision where "it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery." *Id.*

In moving for dismissal of the promissory estoppel claim, Wells Fargo argued that its alleged promise did not satisfy Washington's real estate statute of frauds, RCW 64.04.010. In Washington, the statute of frauds applies to promissory estoppel claims. *Greaves v. Med. Imaging Sys., Inc.*, 124 Wn.2d 389, 879 P.2d 276 (1994) (rejecting *Restatement (Second) of Contracts* § 139 (1981), which would allow enforcement of an oral promise despite the statute of frauds if reliance is foreseeable and injustice can be avoided only by enforcement). RCW 64.04.010 provides that "[e]very conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed." Wells Fargo argued that the alleged

4

promise to postpone the trustee sale created an encumbrance on the bank's deed of trust by restricting alienability.

Not every agreement that affects real property is subject to RCW 64.04.010. By its plain language, the statute applies only to (1) actual conveyances of title or interests in real property and (2) agreements that create or evidence an encumbrance of real property. "If an agreement falls into either of these categories, it is enforceable only if executed in the form of a deed. Conversely, if an agreement does not fall within any of these three categories, RCW 64.04.010 does not apply and the agreement may be enforced even if not executed by a deed." *Firth v. Hefu Lu*, 146 Wn.2d 608, 614-15, 49 P.3d 117 (2002) (citations omitted).

RCW 64.04.010 must be narrowly construed and not applied to agreements that are not "'strictly within its terms.'" *Id.* at 614 (quoting *Chambers v. Kirkpatrick*, 145 Wash. 277, 280, 259 P. 878 (1927)). The real estate statute of frauds does not apply, for example, to an agreement to sell shares in a cooperative association even though the shares carry with them the right to a lease from the association of the coop apartment associated with the shares. *Id.* at 615-17. It does not apply to the grant of a right of first refusal, which affects only personal rights. *Old Nat'l Bank of Wash. v. Arneson*, 54 Wn. App. 717, 721, 776 P.2d 145 (1989).

We need not decide whether the real estate statute of frauds applies to Wells Fargo's alleged promise because it points on appeal to the statute of frauds for credit

5

agreements appearing in RCW 19.36.110, which clearly applies. Although the trial court did not base its decision upon RCW 19.36.110, we may affirm on any ground supported by the record whether or not the trial court considered that ground. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

RCW 19.36.110 provides that "[a] credit agreement is not enforceable against the creditor unless the agreement is in writing and signed by the creditor." "Credit agreement" is defined to include "an agreement, promise, or commitment . . . to forbear with respect to the repayment of any debt or the exercise of any remedy . . . or to make any other financial accommodation pertaining to a debt or other extension of credit." RCW 19.36.100. Wells Fargo's promise and representation alleged by Harwood's complaint was one to forbear with respect to the exercise of a remedy as well as to make a financial accommodation pertaining to a debt. *See Brisbin v. Aurora Loan Servs. LLC*, 679 F.3d 748, 752 (8th Cir. 2012) (holding that a promise to postpone foreclosure was barred by Minnesota's similar statute of frauds for credit agreements).

Because the credit agreement statute of frauds was a sufficient basis for dismissal, we need not reach the parties' remaining arguments.

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Kulik, J.