## OLE T. STEEN v. JOHN NEVA.

### (163 N. W. 272.)

**Express trust — trustee — personal property — purchase of — consideration — vendee — debt of vendor — agreement to pay — as part purchase price.**

1. Where A purchases from B a mare, and agrees on such sale, and as a part of such purchase price, to pay to a third party, C, an amount due to him by B, an action may be maintained under the provisions of § 7397 of the Compiled Laws of 1913 by B as a trustee of an express trust, as defined by that section, for the failure on the part of A to pay to C the said sum.

**Auction sale — personal property — purchaser — agreement to pay debt of owner to third person — as part purchase price — defenses.**

2. Where A unconditionally agrees at an auction sale to pay C a certain sum of money due to him, from B, the owner and seller, he will be held to his promise, and will not be allowed, in an action by B for a breach of the promise, to interpose defenses which B might possibly have made against the claims of C.

**Justice court — appeal from — county court — statement of attorney to jury — that defendant had appealed — statement of costs incurred — error — new trial — not demanded in county court — effect of failure to demand.**

3. It was error, on a trial in the county court, for the attorney for the plaintiff

to state to the jury that it was the defendant who had appealed from the justice court, and that it was he who had made all of the costs of the action. Where, however, the amount involved was only $36, and the jury was cautioned by the court to disregard this statement, and a new trial was not requested in the county court, the supreme court will not reverse the judgment on this account.

**Auctioneer — authority — auction sale — purchaser cannot complain of — owner of property — ratification by — presumption as to.**

4. The purchaser at an auction sale cannot complain of the alleged lack of authority of the auctioneer when the acts of such auctioneer are ratified by the owner. Ratification will be presumed from the bringing of a suit for the amount agreed to be paid.

**Auction sale — written or printed conditions — oral statements of auctioneer — do not modify conditions — payments — as to whom shall be made.**

5. Section 5998 of the Compiled Laws of 1913, which provides that "when a sale by auction is made upon written or printed conditions, such conditions cannot be modified by any oral declaration of the auctioneer," is not violated by the auctioneer requiring a certain amount of the purchase price to be paid to a third party, when there are no written or printed conditions other than the advertisements for the sale, and the advertisements make no announcement as to the amount of the purchase price, nor as to whom it shall be paid, nor do they purport to state in full the terms and conditions of the sale.

**Damages — certain — recovery of — time of — interest — pleadings.**

6. Section 7142 of the Compiled Laws of 1913, which provides that "every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day," does not waive the ordinary rules of pleading in such matters.

**Debt or obligation — interest on — legal consequence — pleadings silent as to — may still be recovered — debt and interest — amount claimed in complaint — cannot exceed.**

7. Where interest is the legal consequence of a debt or obligation without stipulation, it may be recovered, though not claimed in the pleadings. Unless, however, it is specifically claimed, it cannot be considered as a part of the debt, but can only be recovered as damages for the detention of the money. In such a case the judgment, including the damages or interest, cannot exceed the sum claimed in the *ad damnum* clause of the complaint.

**Judgment — in excess of sum claimed — objection as to — must be first made in lower court.**

8. An objection that the judgment is in excess of the *ad damnum* cannot be made for the first time in the appellate court.

Opinion filed May 10, 1917.

Action for purchase price on an auction sale.

Appeal from the County Court of Stutsman County, Honorable *John U. Hemmi,* Judge.

Judgment for plaintiff. Defendant appeals.

Affirmed.

*Knauf & Knauf,* for appellant.

A civil action must be prosecuted by the real party in interest unless otherwise expressly provided by statute. Rev. Codes 1905, § 6807, Comp. Laws, 1913, § 7395; Code Civ. Proc. 1877, § 74, Rev. Codes 1895, § 5221.

Defendant, the purchaser of property at an auction sale, cannot be made to pay the debt of the owner of such property to a third person. If such a contract was made, all its benefits were to go to the Stutsman County Bank, and hence plaintiff is not the real party in interest. J. I. Case Threshing Mach. Co. v. Pederson, 6 S. D. 140, 60 N. W. 747; American Soda Fountain Co. v. Hogue, 17 N. D. 375, 17 L.R.A.(N.S.) 1113, 116 N. W. 339; Cassidy v. First Nat. Bank, 30 Minn. 86, 14 N. W. 363; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; Comp. Laws 1913, § 5841; Moore v. Booker, 4 N. D. 543, 62 N. W. 607; Stewart v. Price, 64 Kan. 191, 64 L.R.A. 581, 67 Pac. 553.

The one for whom the contract is made is the beneficial party. Stewart v. Price, 64 Kan. 191, 64 L.R.A. 586, 67 Pac. 553.

There can be no recovery for the services of an unlicensed stallion under the laws of this state. Comp. Laws 1913, §§ 2763, 2765, 2766, 2769, 2775, 2778; Smith v. Robertson, 106 Ky. 472, 45 L.R.A. 510, 50 S. W. 852; Buckley v. Humason, 16 L.R.A. 423, note.

It is reversible error for plaintiff's counsel to state to the jury in his closing argument that on a former trial plaintiff recovered judgment. Attaway v. Mattox, 4 Tex. App. Civ. Cas. (Willson) 39, 14 S. W. 1017; Harsh v. Heflin, 76 Ala. 499; Atwood v. Brooks, 4 Tex. App. Civ. Cas. (Willson) 130, 16 S. W. 535; Bolar v. Williams, 14 Neb. 386, 15 N. W. 716; Bulen v. Granger, 58 Mich. 274, 25 N. W. 188; Evans v. Trenton, 112 Mo. 390, 20 S. W. 614; Randall v. Evening News Asso. 97 Mich. 136, 56 N. W. 361.

Printed conditions under which an auction sale proceeds are binding on both seller and buyer, and cannot be varied or changed by oral state-

ments of auctioneer at time of sale. Comp. Laws 1913, § 5998; 4 Cyc. 1042.

*W. H. Padden,* for respondent.

The auctioneer announced at and before the sale of the mares in question that the purchaser would have to pay for the stallion services, and that the horse belonged to the Stutsman County Bank. Such oral announcement does not violate the written conditions under which the sale was to be made. A. G. Becker & Co. v. First Nat. Bank, 15 N. D. 279, 107 N. W. 968; 2 Hill's Dak. Dig. pp. 102–104; Nystrom v. Lee, 16 N. D. 561, 114 N. W. 478; State v. Moeller, 20 N. D. 114, 126 N. W. 568.

Where a third party is only incidentally interested, such party cannot institute and maintain suit. 30 Cyc. 67; Code, § 5841.

Where plaintiff shows such an interest in the subject-matter of the action that judgment therein, if satisfied, will protect defendant against loss or further litigation over the same matter, this is sufficient. 1 Sunderland (Estee) § 11; Giselman v. Starr, 106 Cal. 651, 40 Pac. 8; Chungkee v. Davidson, 73 Cal. 522, 15 Pac. 100; Seybold v. Grand Forks Nat. Bank, 5 N. D. 460, 67 N. W. 682; 30 Cyc. 83.

"The defense of illegality, although open to the parties and those claiming under them, cannot generally be invoked by third persons." 9 Cyc. 561; Elliott, Contr. §§ 677, 680, and numerous cases cited.

"A cause should not be reversed for such references by counsel to the fact that the action was vexatious, and much costs incurred, and that his client has been successful in the lower court, where the jury is cautioned that such matters should not be by them considered." 38 Cyc. 1493, and cases cited; Smiley v. Scott, 179 Ill. 142, 53 N. E. 544; Chicago & A. R. Co. v. Dillon, 123 Ill. 570, 5 Am. St. Rep. 559, 15 N. E. 181.

The printed conditions of sale did not set out fully the terms, nor to whom or where the amounts should be paid. Kennell v. Boyer, 24 L.R.A.(N.S.) 488, and note, 144 Iowa, 303, 122 N. W. 941, Ann. Cas. 1912A, 1127; 2 R. C. L. pp. 1122–1125, and cases cited; Ashcom v. Smith, 2 Penr. & W. 211, 21 Am. Dec. 437.

BRUCE, Ch. J. This is an action to recover $36 agreed by the defendant, the purchaser at an auction sale, to be paid to a third party,

the Stutsman County Bank, as part of the purchase price of two mares, and being an amount due by the plaintiff to such bank for the service of a stallion.

The main question which is presented to us for determination is whether the plaintiff may maintain the suit, or whether § 7395 of the Compiled Laws of 1913, which provides that actions shall be brought by the real party in interest, requires it to be brought by the creditor of the plaintiff, that is, the beneficiary bank.

We are satisfied that the plaintiff may maintain this action.

Though it is true that § 5841 of the Compiled Laws of 1913 provides that when a contract is made expressly for the benefit of a third person, it may be enforced by him, § 7397 also provides that an action may be maintained by "a trustee of an express trust;" and further states that "a trustee of an express trust within the meaning of this section shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

We have examined the other assignments of error, but find no merit in them. Some of them relate to the exclusion of evidence which might tend to show a possible defense, which the plaintiff might have had against the claim of the bank. Whether, however, there might have been such a defense is immaterial. It is sufficient to say that the plaintiff exacted a promise of the defendant to pay the claim, and that the defendant agreed to do so.

Defendant also complains of the statements of counsel for the respondent to the jury, to the effect that it was the defendant who had appealed from the justice court, and that it was he who had made all of the costs of the action. Such statement should not have been made, and in some instances might justify a reversal of the judgment. Attaway v. Mattox, 4 Tex. App. Civ. Cas. (Willson) 39, 14 S. W. 1017; Harsh v. Heflin, 76 Ala. 499; Atwood v. Brooks, 4 Tex. App. Civ. Cas. (Willson) 130, 16 S. W. 535. The jury, however, was cautioned by the judge to disregard these statements, and no motion for a new trial was made. The defendant has already had two trials,—one in the justice's and the other in the county court. The claim is for a very small amount. It would be a travesty on justice to order a new trial with all of the additional expense that the same would involve, especially, when, as we view the

case, no other verdict than that arrived at could have been properly found.

There is also no merit in the exceptions which are based upon the refusal of the court to allow oral evidence of the authority of the auctioneer to require the payment of this $36 as a part of the purchase price. Even if unauthorized, it is clear that the defendant agreed to pay the amount, and that the plaintiff has ratified the sale which was made by his agent. This is all that is necessary.

Nor, too, is there any merit in the objection that the notices of the sale did not say anything about the payment of this $36; and that, therefore, the sale was in violation of § 5998 of the Compiled Laws of 1913, which provides that "when a sale by auction is made upon written or printed conditions, such conditions cannot be modified by any oral declaration of the auctioneer, except so far as they are for his own benefit."

The advertisements stated that the property would be sold on the following terms: "On all sums under $10, cash; on sums over $10, time until October 1st, at 10 per cent interest with approved security, and 5 per cent discount for cash." Defendant contends that in these notices there was no reservation that the purchaser should pay any stallion fees.

All that the notices of sale contained was an announcement as to the credit to be given to the purchasers. They made no announcement as to the amount of the purchase price, nor as to whom it should be paid, nor did they purport to state in full the terms and conditions of the sale. Kennell v. Boyer, 144 Iowa, 303, 24 L.R.A.(N.S.) 488, 122 N. W. 941, Ann. Cas. 1912A, 1127. The suit, too, was not brought until October 12th and until after the term for the credit announced in the notices had expired.

Appellant next contends that the verdict is defective in that it allowed interest on the said sum of $36 from and after March the 6th, 1915, at 6 per cent per annum. He asserts that the *ad damnum* clause was merely that "the plaintiff demands judgment against defendant for the sum of $36, and for the costs and disbursements of this action. He argues that not only is the verdict in excess of the *ad damnum,* but no demand for interest was made in the complaint.

In these contentions defendant and appellant appears to be justified,

and we do not very well see how the jury could have awarded the interest complained of. They certainly could not have awarded it from the 6th day of March, 1915, as the sale was made on the 9th day of March, 1915, and the complaint expressly states that the sum of $36 was not due until "the time that said mares delivered standing colts." The evidence does not disclose when the colts were born. · It merely states that they were born after the sale; and if the plaintiff sought to recover interest from the date of delivery of such colts, it was certainly incumbent upon him to prove that date, which, in any event, could not possibly have been before the sale had been consummated. There, too, is no proof of any demand of payment until the 27th day of August, 1915.

Not only is this the case, but, although § 7142 of the Compiled Laws of 1913 provides that "every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day," we find nothing in the Code which seems to waive the ordinary rules of pleading in such matters. Although, indeed, the rule seems to be that where interest is the legal consequence of the debt or obligation without stipulation, it may be recovered, though not claimed in the pleadings (11 Enc. Pl. & Pr. 435), it is also the rule that, unless it is specifically claimed, it cannot be considered as a part of the debt, but can only be recovered as damages for the detention of the money. Such being the case, it is very clear that the judgment, including the damages, could not exceed the sum claimed in the *ad damnum* clause of the complaint. Grand Lodge, A. O. U. W. v. Bagley, 60 Ill. App. 589.

This is undoubtedly the law; on account of the state of the record, however, it can avail the defendant and appellant nothing. He does not appear to have made any motion for a new trial, nor was the discrepancy between the verdict and the *ad damnum* brought to the attention of the trial court in any way, either before the jury was discharged or afterwards; nor was the trial court given an opportunity by any application on his part to correct the verdict, nor to reduce it, nor to allow, as we believe he could have allowed under § 7482, an amendment of the *ad damnum* clause of the complaint.

Such being the case, it is clear that the point cannot now be raised

on this appeal and in this court. Grand Lodge, A. O. U. W. v. Bagley, supra; Haven v. Baldwin, 5 Iowa, 503; Grand Lodge, A. O. U. W. v. Jesse, 50 Ill. App. 101.

The judgment of the County Court is affirmed.

CHRISTIANSON, J. I concur in the result only. I express no opinion upon the matters covered by subdivisions 6, 7, and 8 of the syllabus.

ROBINSON, J. (concurring specially): In this case defendant appeals from a judgment for $36, and costs. The plaintiff sued to recover $36 as the balance due on a sale of two mares that produced two colts. The case was fairly tried, and the verdict is well sustained by the evidence. It was the same in justice court and in the county court, and it could not have well been different. In so small a case it were an act of folly to waste time in writing a grave discussion on numerous hairsplitting and frivolous objections. The judgment is affirmed.