[No. 9549-5-III.   Division Three.   July 13, 1989.]

OLD NATIONAL BANK OF WASHINGTON, ET AL, *Respondents,*
v. WALTER A. ARNESON, ET AL, *Appellants,*
RICHARD J. DAVIS, ET AL,
*Respondents.*

*Joseph P. Delay* and *Delay, Curran, Thompson & Pontarolo,* for appellants.

*Donald O'Neill, O'Neill & Delaney, John Riley,* and *Witherspoon, Kelley, Davenport & Toole,* for respondents.

GREEN, J.—Two dispositive questions are presented in this appeal of a declaratory judgment: (1) Is a right of first refusal valid and transferable when it does not comply with the statute of frauds? (2) Did the court exceed the scope of relief sought by invoking on its own motion the unpleaded

defense of the statute of frauds? To both questions we answer in the affirmative.

The court's unchallenged findings reveal the following facts. On June 27, 1984, Old National Bank of Washington (ONB), as trustee of the July 13, 1976, trust of Wray D. Farmin, conveyed a 14–acre tract of land to Daryl and Rebecca Frost by special warranty deed. This deed gave the Frosts a right of first refusal to buy a partially adjoining parcel containing approximately 20 acres. A topographical map attached to the deed outlined in yellow the property that was subject to the right of first refusal. However, it was not specifically described. The Frosts paid consideration for the right and both parties intended the right be transferable to subsequent assignees and purchasers. On June 20, 1985, the Frosts agreed to sell their property to Richard and Joan Davis. The earnest money agreement provided: "Purchasers to assume Special Warranty Deed and Right of First Refusal and Well–Use Agreement." Thereafter, the Frosts' marriage was dissolved. After Rebecca Frost (now Lacey) quitclaimed her interest in the property to Daryl Frost, Mr. Frost by statutory warranty deed conveyed the property to the Davises. That deed did not include express conveyance of the right of first refusal. However, the court found the Davises and Mr. Frost discussed the right of first refusal and intended to transfer it when the real property was conveyed. Prior to closing, Kathlene Burchett, the closing agent, discussed the conveyance of the right with Jim Houser of the ONB trust department. She was informed that its transfer to the Davises did not violate the special warranty deed or the intent of the original parties to the ONB–Frost deed.

Prior to November 1986 Walter and Louise Arneson through their son, Timothy Arneson, negotiated with ONB for the purchase of property included within the area covered by the right of first refusal. On November 5, 1986, they presented an earnest money agreement to ONB, as trustee, offering to purchase the property consisting of about 21 acres. The agreement was expressly conditioned

upon the following: "This sale is contingent upon proper notification by closing agent to party holding first right of refusal to purchase subject property and subject to said party exercising said first right." The agreement, with certain modifications, was signed by Mr. Houser, as manager of the trust department, and returned to the Arnesons on December 5. On December 9 written notice was sent to the Frosts informing them of the offer conditionally accepted by ONB. A copy of that notice was also sent to the Davises who orally communicated to ONB and its attorney their intent to exercise the right of first refusal.

On December 30, the attorney for the Arnesons obtained signed waivers and assignments from Daryl Frost and Rebecca Lacey which released and quitclaimed their interest, if any, in the right of first refusal to the Arnesons. These documents stated the right had not previously been assigned.

The court also found that all parties to this litigation were familiar with the property and were aware that the right of first refusal affected a 20–acre parcel lying south and west of the property conveyed to the Frosts in the special warranty deed. Mrs. Arneson[1] assigns error to this finding. Our review of the record, however, reveals that the finding is supported by substantial evidence.

Confronted with these facts, ONB, as trustee, commenced this declaratory judgment action alleging it stood ready, willing and able to convey the property which is the subject of the right of first refusal, but was uncertain to whom to make the transfer since Mrs. Arneson and the Davises both claim ownership of the right. As a consequence, ONB sought relief as follows:

1. A Judgment and Order declaring the rights of the parties . . . under the Right of First Refusal set forth in the [ONB–Frost] Deed . . .;

2. An order directing [ONB] to transfer and convey property to the party determined to be the holder of the

---

[1]It appears from the pleadings that Walter Arneson died after commencement of this action. The appeal is pursued by his widow, M. Louise Arneson.

right of first refusal according to the terms and conditions of the [ONB–Arneson contract];

Mrs. Arneson sought a declaration that the Davises did not have a right of first refusal and therefore the transaction should close based on the terms of the earnest money agreement. On the other hand, the Davises sought a validation of their right of first refusal and an order directing ONB to convey the property to them. Based on its findings of fact, the court concluded: The right of first refusal contained in the ONB–Frost deed was an interest in personal property, not subject to the statute of frauds, and was conveyed from the Frosts to the Davises both orally and in their earnest money agreement. Since the Arneson earnest money agreement did not adequately describe the real property, it violated the statute of frauds and was void. As a consequence, there was no bona fide sale agreement triggering the Davises' right of first refusal. The Davises were declared prevailing parties because they were declared owners of the right of first refusal and were awarded their costs and attorney fees. This appeal followed.

First, Mrs. Arneson contends the court erred in ruling the ONB–Frost right of first refusal was valid. She argues that because it lacked a legal description of the property, it violated the statute of frauds. We disagree.

In Washington no interest in land is created by a right of first refusal; only personal rights are affected. *Robroy Land Co. v. Prather*, 95 Wn.2d 66, 70–71, 622 P.2d 367 (1980); *Feider v. Feider*, 40 Wn. App. 589, 593, 699 P.2d 801 (1985). In *Robroy Land Co.*, at 71, the court stated: "We reject the view that a preemptive contract . . . creates an interest in land *at the time of its inception*." A preemptioner acquires no present right to affect the property, but holds only a general contract right to acquire a later interest should the property owner decide to sell. In that event, a new contract ensues under which the preemptive holder may receive an interest in land. *Robroy Land Co.*, at 71; *see Northwest Television Club, Inc. v. Gross Seattle, Inc.*, 96

Wn.2d 973, 980, 640 P.2d 710 (1981); *Bennett Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 853–54, 441 P.2d 128 (1968); *Feider,* at 593. *See also Saunders v. Callaway,* 42 Wn. App. 29, 37, 708 P.2d 652 (1985) (preemptive rights must be supported by consideration, but need not be acknowledged).

These principles apply to the instant case, rendering the real property statute of frauds inapplicable as it requires a conveyance of an interest in real estate.[2] No authority has been provided to us which would invalidate a right of first refusal for lack of a legal description. Here, the evidence indicates ONB and Frost, and later the Davises, knew which property was subject to the right. Moreover, Mrs. Arneson, who is a stranger to that agreement, has no standing to challenge it on the basis of the statute of frauds. *See F.D. Hill & Co. v. Wallerich,* 67 Wn.2d 409, 407 P.2d 956 (1965); *Lameraux v. Pague,* 9 Wn. App. 640, 643, 513 P.2d 1053 (1973). Thus, the ONB–Frost right of first refusal was valid. It is clear from Mrs. Arneson's earnest money agreement she knew the property was subject to that right and the agreement was contingent on notice to the holder of the right.

Second, Mrs. Arneson contends the court erred in not holding that she, and not the Davises, owns any existing right of first refusal, and, as a consequence, she is entitled

---

[2]RCW 64.04.010 provides:

Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: *Provided,* That when real estate, or any interest therein, is held in trust, the terms and conditions of which trust are of record, and the instrument creating such trust authorizes the issuance of certificates or written evidence of any interest in said real estate under said trust, and authorizes the transfer of such certificates or evidence of interest by assignment by the holder thereof by a simple writing or by endorsement on the back of such certificate or evidence of interest or delivery thereof to the vendee, such transfer shall be valid, and all such assignments or transfers hereby authorized and heretofore made in accordance with the provisions of this section are hereby declared to be legal and valid.

Neither is the general contracts statute of frauds offended. *See* RCW 19.36-.010.

to specific performance of her earnest money agreement with ONB. This contention is based on the assumption that Daryl Frost and Rebecca Lacey still held the right of first refusal when they executed the waivers and assignments of that right in favor of Mrs. Arneson. This contention must fail.

The transferability or assignability of a right of first refusal depends upon the intent of the parties. *Shower v. Fischer,* 47 Wn. App. 720, 727–28, 737 P.2d 291 (1987). When a writing does not show the intent of the parties, the court must ascertain their intention by reviewing the contract as a whole and consider all of the circumstances leading to its execution, including the subsequent acts and conduct of the parties. *Kwik–Lok Corp. v. Pulse,* 41 Wn. App. 142, 147, 702 P.2d 1226 (1985). Contract rights are assignable unless forbidden by statute or otherwise violative of public policy. *International Comm'l Collectors, Inc. v. Mazel Co.,* 48 Wn. App. 712, 716–17, 740 P.2d 363 (1987); *Portland Elec. & Plumbing Co. v. Vancouver,* 29 Wn. App. 292, 295, 627 P.2d 1350 (1981); Restatement (Second) of Contracts § 317 (1981). Absent evidence of intent, preemptive rights are generally construed to be nontransferable. *Shower,* at 727–28 (citing 6 *American Law of Property* § 26.67, at 984 (Supp. 1977)).

Here, the right of first refusal in the ONB–Frost deed is silent as to transferability by the Frosts.[3] However, the

---

[3]The deed states:

"RIGHT OF FIRST REFUSAL: As further consideration for the sale and purchase of the above–described property, Grantor agrees that in the event Grantor shall receive a bona fide offer, which is acceptable to Grantor, from a third party to purchase the twenty (20) acre parcel, more or less, as outlined on the map attached hereto, Grantor shall promptly deliver, personally or by registered or certified mail addressed to Grantee at West 715 Hazard Road, Spokane, Washington 99208, a copy of such offer, omitting the name of the proposed buyer, and Grantee may within fifteen (15) days after said copy is so mailed or personally delivered, elect to purchase said premises on the same terms as those set forth in such offer. If Grantee shall not elect to purchase said property within the time herein specified or if the sale fails to close in accordance with the terms of the offer, this right of refusal shall be extinguished. This right of first refusal shall be inapplicable to a transfer from the Wray Farmin Trust established by Agreement

unchallenged findings are that ONB and the Frosts intended the right to be transferable by the Frosts. In December 1986, ONB directed its attorney to send a notice to the Davises as well as Mr. Frost informing them of the terms of Mrs. Arneson's offer so the holder of the right of first refusal would have the opportunity to exercise it. The closing agent was advised by ONB that the transfer of the right to the Davises did not violate the ONB–Frost deed. The court found the Frosts specifically negotiated to purchase the right from ONB, paid consideration for it, and both parties intended the right to be transferable; the right was in fact transferred to the Davises both orally and in their earnest money agreement. Consequently, Mrs. Arneson received nothing from the waiver and assignment by Frost and Lacey. Since Mrs. Arneson was not a party to the ONB–Frost–Davis transactions, she is not entitled to attack those transactions to avoid the effect of the right of first refusal which the court found to be in the Davises. Thus, the second contention must fail.

■ Finally, Mrs. Arneson is correct in her contention the court erred in concluding her earnest money agreement was void under the statute of frauds. Both Mrs. Arneson and ONB were ready and willing to perform the earnest money agreement. The only reason ONB filed this action was to determine who owned the right of first refusal. That was the only issue presented and the court erred by deciding an issue not presented by the parties and on which there was no dispute. Thus, we hold the Davises are entitled to exercise their right of first refusal.

The judgment is reversed as to that portion declaring the ONB–Arneson earnest money agreement void, but is affirmed in all other respects.

dated July 13, 1976 to any of the beneficiaries thereof or their successors by operation of law. This right of first refusal shall expire on July 1, 2004."

Affirmed in part; reversed in part.

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 113 Wn.2d 1019 (1989).