236 P.3d 193 (2010)
LITTLE MOUNTAIN ESTATES TENANTS ASSOCIATION, a Washington nonprofit corporation, as assignee; Jerry Jewett, Virginia Haldeman, Marie McCutchin, and Wes Walton, on behalf of themselves and classes of similarly situated persons, Respondents,
v.
LITTLE MOUNTAIN ESTATES MHC LLC, a limited liability company; Peregrine Holdings, LLC; and Kevin A. Ware and Kari M. Ware, husband and wife and the marital community composed thereof, Petitioners.
No. 82574-2.
Supreme Court of Washington, En Banc.
Argued March 16, 2010.
Decided July 22, 2010.
Sidney Charlotte Tribe, Talmadge Fitzpatrick PLLC, Tukwila, WA, Walter Hartvig Olsen Jr., Olsen Law Firm PLLC, Puyallup, WA, for Petitioners.
Philip James Buri, Buri Funston Mumford PLLC, Bellingham, WA, for Respondents.
SANDERS, J.
¶ 1 We are asked to decide under the Manufactured/Mobile Home Landlord-Tenant Act (MHLTA), chapter 59.20 RCW, whether a landlord and tenant can lawfully *194 agree to a 25-year lease that will convert to a one-year lease if the tenant assigns it. Because the MHLTA expressly preserves the right of a landlord and tenant to negotiate and agree to the term of a rental agreement, this agreed-to provision does not violate the MHLTA.

FACTS
¶ 2 Petitioner Little Mountain Estates MHC LLC operates a manufactured home community intended for the elderly. To entice new residents the owner offered individuals a 25-year lease with rent increases tied to the Consumer Price Index. According to the rental agreement this 25-year term was only available to the original tenant; if the tenant assigned the lease to another party, the assigned lease would be for one or two years.[1] When formulating the offer, the owner determined that a 25-year lease with a fixed rent increase would not be profitable when a resident stayed for the entire length of the lease, but that loss would be offset by those who assigned their leases before the 25-year term expired. This trade-off balanced financial security for the tenants by having fixed rent for 25 years and profit for the park owners because the financial security attracted more tenants and the full 25-year term would not be exercised in its entirety in most cases.
¶ 3 Every tenant had the opportunity to read the rental agreement prior to signing; every tenant signed it; and no tenant objected to the assignment provision at that time. Later, some tenants assigned their leases and Little Mountain Estates Tenants Association brought suit claiming the assignment provision violated the MHLTA and the Consumer Protection Act (CPA), chapter 19.86 RCW.
¶ 4 The trial court held the lease did not violate the MHLTA or the CPA and the tenants were bound by the terms of the leases they voluntarily signed. The Court of Appeals reversed the trial court's determination that the MHLTA was not violated. Little Mountain Estates Tenants Ass'n v. Little Mountain Estates MHC LLC, 146 Wash. App. 546, 561, 192 P.3d 378 (2008) (Little Mountain).

STANDARD OF REVIEW
¶ 5 The court reviews statutory interpretation de novo. State v. Williams, 158 Wash.2d 904, 908, 148 P.3d 993 (2006) (citing Am. Cont'l Ins. Co. v. Steen, 151 Wash.2d 512, 518, 91 P.3d 864 (2004)). Where the plain language of the statute is unambiguous, the statute's plain meaning should be enforced. State v. Armendariz, 160 Wash.2d 106, 110, 156 P.3d 201 (2007) (citing State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003)).

ANALYSIS
¶ 6 The issue is whether under the MHLTA a landlord and tenant can agree to a 25-year rental term with fixed rent increases that becomes a one- or two-year term if the tenant assigns the rental agreement. The MHLTA expressly permits a landlord and tenant to negotiate the term of their rental agreement. RCW 59.20.090(1) provides: "Unless otherwise agreed rental agreements shall be for a term of one year." (Emphasis added.) Here, the landlord and tenants agreed to a varying term based upon whether the rental agreement was assigned. Nothing in the MHLTA precludes the term of the rental agreement from being determined by a formula or linked to the tenant's decision to assign the lease. Cf. Vance v. Villa Park Mobilehome Estates, 36 Cal. App.4th 698, 708, 42 Cal.Rptr.2d 723 (1995) (The California Court of Appeals held, because the Mobilehome Residency Law allowed the landlord and tenant to determine the rental rate, the parties were permitted to determine the rent by any formula to which they agreed, including a formula increasing rent upon assignment.).
¶ 7 The tenants argue the assignment provision requires tenants to waive their right to assign their 25-year leases and thus is unenforceable. The MHLTA protects a tenant's right to assign his or her rental agreement *195 and renders unenforceable any contract provision that waives that right. See RCW 59.20.060(2)(d), .073(1). However, the tenants' position mischaracterizes the rental agreement. The MHLTA permits parties to agree to the term of the rental agreement, RCW 59.20.090(1), and the parties here did agree to a term of 25 years for the original tenant and one or two years if assigned. Tenants are precluded from assigning a 25-year term because their rental agreements never provided an assignable 25-year term.[2] However, they are not prevented from assigning, nor did they waive their right to assign, the rental agreement.[3]
¶ 8 Respondents also argue that upholding the assignment provision contradicts the legislative intent statements of the MHLTA. However, statements of legislative intent are irrelevant to a court's analysis when the statutory language is unambiguous. See Armendariz, 160 Wash.2d at 110, 156 P.3d 201 (citing J.P., 149 Wash.2d at 450, 69 P.3d 318). Unambiguous statutory language is enforced as written. Id. RCW 59.20.090(1) unambiguously preserves the right of a landlord and tenant to negotiate and agree to the term of the rental agreement.
¶ 9 Even if this court were to look to statements of legislative intent as the Court of Appeals erroneously did, see Little Mountain, 146 Wash.App. at 560, 192 P.3d 378, those statements do not support voiding the assignment provision here. RCW 59.22.010(2) sets forth the multiple legislative purposes of the MHLTA. The first is to maintain low-cost housing to benefit the elderly. Here, an initial 25-year term with fixed increases in rent provides secured housing and financial stability to the elderly who live there, and the assignment provision makes that 25-year term economically feasible for the manufactured home park. The legislature also sought "to obtain a high level of private financing for mobile home park conversions" and "to help establish acceptance for resident-owned mobile home parks in the private market." Id. Permitting a park owner to offer contractual terms that provide attractive yet profitable features to prospective residents encourages additional private financing and market growth.
¶ 10 Respondents ask this court to deem unenforceable any provision that alters the contract upon assignment. However, this contract does not alter an assignment; it provides in the original contract what would happen in that eventuality. Nothing in the MHLTA imposes a wholesome prohibition on such assignment provisions. The MHLTA does not prevent landlords from offering special *196 terms to the tenants who first move into a new mobile or manufactured home park.[4] Such a practice is not uncommon when a landlord is attempting to populate a new rental community.
¶ 11 Ultimately, the core of respondents' argument is that the rental agreement here was misleading, that labeling the contract as a "25 Year Lease Agreement" but including a provision that converted the term to one or two years upon assignment was deceptive or unfair. That claim is one under the CPA, not the MHLTA. Respondent's CPA claim is not before this court on review; the Court of Appeals remanded the CPA claim for further factual findings to determine whether the tenants could prove a CPA violation. See Little Mountain, 146 Wash.App. at 563, 192 P.3d 378.

CONCLUSION
¶ 12 We hold the assignment provision does not violate the MHLTA and the MHLTA does not render it unenforceable. The Court of Appeals decision is reversed to the extent it is inconsistent with this holding. Respondents' remaining claim under the CPA is remanded to the trial court as is the claim for an award of reasonable attorney fees under RCW 59.20.110.
WE CONCUR: SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices.
ALEXANDER, J. (dissenting).
¶ 13 I disagree with the result the majority reaches because, in my view, the provision in the lease in question, which reduces the length of the lease from 25 years to 1 year upon assignment, is unenforceable. Its unenforceability is due to unambiguous provisions in the Manufactured/Mobile Home Landlord-Tenant Act (MHLTA), chapter 59.20 RCW, that state that "[a]ny rental agreement shall be assignable by the tenant" (RCW 59.20.073(1)) and that rental agreements shall not contain provisions that "waive or for[]go" the right of assignment or any other remedy under the MHLTA (RCW 59.20.060(2)(d)).
¶ 14 The majority asserts that the assignment right is modified by RCW 59.20.090(1), which provides: "Unless otherwise agreed rental agreements shall be for a term of one year." I disagree. Such a reading would be inconsistent with RCW 59.20.073(1) and RCW 59.20.060(2)(d). The better interpretation, in my judgment, is that RCW 59.20.090(1) merely permits a landlord and tenant to negotiate the term of the rental agreement within the bounds set forth by the MHLTA. Once such term is agreed upon, pursuant to RCW 59.20.073(1), the tenant has the statutory right to assign the full remaining term of his or her leasehold.
¶ 15 This interpretation is also consistent with plain meaning of "assignment." Webster's Third International Dictionary defines "assignment" as "the transfer to another of one's legal interest or right." Webster's Third International Dictionary 132 (2002). Under Washington law, an "assignment" is generally understood to be the transfer of the tenant's whole interest in the leasehold. Morrison v. Nelson, 38 Wash.2d 649, 657, 231 P.2d 335 (1951) (citing McDuffie v. Noonan, 176 Wash. 436, 29 P.2d 684 (1934)); Shannon v. Grindstaff, 11 Wash. 536, 539-40, 40 P. 123 (1895). Critically, "[c]ontract rights are assignable unless forbidden by statute or otherwise violative of public policy." Old Nat'l Bank v. Arneson, 54 Wash.App. 717, 723, 776 P.2d 145 (1989). Under the plain meaning of the statutes I have cited at the outset of this opinion, mobile home park tenants have the statutory right to assign the full remaining term of their leases. Because the mobile park owner and the tenants agreed here to a 25-year term, the tenants have the right under the MHLTA to assign the remainder of their leaseholds in full. To preclude them from doing so would violate RCW 59.20.060(2)(d) in that the tenants would *197 waive or forgo their right to assign the remainder of their leaseholds in full.
¶ 16 In a case that bears some similarity to the instant case, the Court of Appeals held that a rental agreement that required a mobile home tenant to expressly request an extension of the one-year rental term violated the MHLTA, which provides that "`[u]nless otherwise agreed[,] rental agreements... shall be automatically renewed.'" Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC, 134 Wash.App. 210, 223, 135 P.3d 499 (2006) (quoting RCW 59.20.090(1)). The court properly rejected the argument that the lease provision did not violate the MHLTA on the basis that the act allows the tenant to agree to a different term. Id. at 223-24, 135 P.3d 499. It further determined that the provision at issue was inconsistent with the statutory provisions that require a tenant to waive the right to the one-year rental term in writing (RCW 59.20.050(1)) and prohibit a tenant from waiving rights under the act (RCW 59.20.060(2)(d)). Id. at 225, 135 P.3d 499. Like the provision in Holiday Resort, the assignment provision at issue is directly at odds with the language of the MHLTA.
¶ 17 In sum, the aforementioned provision in the lease flies in the face of the statutory right of assignment and should not be enforced. I, therefore, respectfully dissent from the majority opinion.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, and TOM CHAMBERS, Justices.
NOTES
[1] Some of the leases provided an assignee a one-year term; other leases provided a two-year term. The distinction is immaterial to the ultimate legal issue here.
[2] This does not open the gates for a landlord to surreptitiously circumvent a tenant's right under the MHLTA to assign his or her rental agreement by adding an assignment provision that essentially extinguishes the lease. Here we address an assignment provision that affects the term of the rental agreement; the MHLTA specifically provides that the parties can agree upon the term of the lease. Furthermore, the assignment provision provides for, at minimum, a one-year term. A one-year term is the default term set forth in the MHLTA. See RCW 59.20.090(1); see also, RCW 59.20.050(1). We have no occasion here to determine whether a shorter term might run afoul of the MHLTA or raise issues of unconscionability.
[3] The Court of Appeals reasoned that any limitation imposed on the scope of an assignment violated the MHLTA because the court defined an assignment as the transfer of the identical contractual rights from the assignor to the assignee. See Little Mountain, 146 Wash.App. at 560, 192 P.3d 378. But this overstates the common law and the cases relied upon by the Court of Appeals. Puget Sound National Bank v. Department of Revenue, 123 Wash.2d 284, 287, 868 P.2d 127 (1994), addressed whether a sales tax refund for worthless debt passed upon assignment to a bank. Estate of Jordan v. Hartford Accident and Indemnity Co., 120 Wash.2d 490, 495, 844 P.2d 403 (1993), addressed whether the assignee of a bond had standing to sue. Neither of those cases addressed contract provisions that altered the terms of the contracts upon assignment.

Conversely, the common law preserves citizens' freedom to contract. See, e.g., Clements v. Olsen, 46 Wash.2d 445, 448, 282 P.2d 266 (1955) ("Courts do not have the power, under the guise of interpretation, to rewrite contracts which the parties have deliberately made for themselves."); Torgerson v. One Lincoln Tower, LLC, 166 Wash.2d 510, 517, 210 P.3d 318 (2009) ("It is black letter law of contracts that the parties to a contract shall be bound by its terms." (quoting Adler v. Fred Lind Manor, 153 Wash.2d 331, 344, 103 P.3d 773 (2004))). Here, common law supports, and RCW 59.20.090(1) expressly preserves, the parties' freedom to negotiate the term of the rental agreement.
[4] Respondents characterize the operation of the rental agreement as taking the 25-year term from the tenants upon assignment, while petitioners view it as giving the first tenants a 25-year term. Burden or benefit, artful rhetoric does not change the operation of the assignment provision nor does it affect the application of the MHLTA. RCW 59.20.090(1) permits parties to agree to their own rental term, which the parties did here.